**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| |
|---|
| RICHARD SULLIVAN, directly and derivatively on behalf of THOMAS PAINE HOUSE, LLC, |
| Plaintiff, |
| v. |
| BOROUGH OF ATLANTIC CITY HIGHLANDS, et al., |
| Defendants, |
| THOMAS PAINE HOUSE, LLC, |
| Nominal Defendant. |

Civil Action No. 19-19510 (MAS) (ZNQ)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Borough of Atlantic City Highlands (the "Borough"), Adam Hubeny, Martin Hawley, and Richard Rast's (collectively, "Defendants") Motion to Dismiss (ECF No. 12) the First Amended Complaint ("FAC," ECF No. 10). Plaintiff Richard Sullivan ("Plaintiff") opposed the Motion (ECF No. 16), and Defendants replied (ECF No. 17). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants in part and denies in part Defendants' Motion to Dismiss.

**I.    BACKGROUND**

Plaintiff is a member of Thomas Paine House, LLC ("TPH"), which owned property located at 170 Ocean Boulevard, Atlantic Highlands, New Jersey 07716 (the "Property") between December 2014 and October 2017. (FAC ¶ 1.) Plaintiff managed the Property on a day-to-day

basis. (*Id.*) Between 2009 and 2015, Plaintiff oversaw a complete rebuild of the pre-existing Revolutionary War-era home (the "House") on the Property. (*Id.*)

In 2015, Plaintiff and TPH applied to the Atlantic Highlands Planning Board (the "Planning Board") for conditional use and site approval to convert the Property into a bed and breakfast ("B&B") establishment. (*Id.* ¶ 2.) That application was granted, subject to the condition that Plaintiff and TPH obtain a license to operate as a B&B. (*Id.* ¶ 3.) To obtain the license, Plaintiff and TPH required approval from Defendant Martin Hawley ("Hawley"), the Borough's fire marshal. (*Id.* ¶ 3.) Plaintiff alleges that Hawley abused his position as fire marshal and prevented TPH from gaining a license for the B&B on the basis of Hawley's personal and political differences with Plaintiff. (*Id.* ¶ 4.)

In or around 2016, while negotiating the B&B license process, Plaintiff made efforts to rent the House on a short-term basis through Airbnb.com ("Airbnb"). (*Id.* ¶ 5.) Plaintiff alleges that Defendants targeted him and treated him differently from others by preventing him from renting out the House, in violation of his constitutional property rights. (*Id.* ¶¶ 5–6.) According to Plaintiff, the Borough Defendants' efforts stemmed from their political and personal animus toward him. (*Id.* ¶ 6.)

On October 5, 2016, the Borough filed a lawsuit against Plaintiff and TPH in the Superior Court of New Jersey, Chancery Division, Monmouth County (the "Superior Court Action"). (*See generally* Compl., *Borough of Atl. Highlands v. Thomas Paine House LLC*, Mon-C-166-16 (N.J. Super. Ct. Oct. 5, 2016), Weiss Certif. Ex. A, ECF 12-3.) The Superior Court Action was initiated to obtain restraints against Plaintiff and TPH on the basis that the operation of the House on the Property violated the Borough Code and the Municipal Land Use Law, N.J. Stat. Ann. §§ 40:55-1 *et seq.* (*See* Defs.' Moving Br. 2, ECF. 12-1, at *5.) On November 9, 2016, the Superior Court

2

granted permanent restraints against Plaintiff and TPH. (*See generally* Nov. 9, 2016 Tr., Weiss Certif. Ex. D, ECF No. 12-6; Nov. 9, 2016 Order, Weiss Certif. Ex. E, ECF No. 12-7.) On January 30, 2017, the Superior Court issued a final judgment in favor of the Borough declaring the November 9, 2016 Order as a final order. (*See generally* Jan. 30, 2017 J., Weiss Certif. Ex. F, ECF No. 12-8.)

Plaintiff initiated this action on October 19, 2019 and asserts the following claims: (1) violation of Plaintiff's right to substantive due process under the Fourteenth Amendment to the United States Constitution, pursuant to 42 U.S.C. §§ 1983, 1988, (FAC ¶¶ 85–90); (2) violation of Plaintiff's right to equal protection under the Fourteenth Amendment, pursuant to §§ 1983, 1988, (*id.* ¶¶ 91–101); (3) violation of Plaintiff's right to procedural due process under the Fourteenth Amendment, pursuant to §§ 1983, 1988, (*id.* ¶¶ 102–107); and (4) tortious interference with Plaintiff's prospective economic relationship, (*id.* ¶¶ 108–115).

Defendants move to dismiss the FAC for failure to satisfy the pleading requirement for derivative actions under Federal Rule of Civil Procedure 23.1. (Defs.' Moving Br. 6–7, ECF No. 12–1.) Defendants also move to dismiss on the basis that Plaintiff lacks standing to bring the action. (*Id.* at 7.) Moreover, Defendants argue that Plaintiff's action is barred by the two-year statute of limitations applicable to §1983 claims. (*Id.* at 8.) Finally, Defendants move to dismiss Plaintiffs' claims because they are precluded by the litigation in the Superior Court Action. (*Id.* at 8–12.)

## II.    LEGAL STANDARD

### A.    Rule 12(b)(6)

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

3

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "[review] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

### B. Shareholder Derivative Litigation Standard

Pleading requirements for shareholder derivative actions involve a heightened pleading standard:

> The complaint shall . . . allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority, and if necessary, from the shareholders or members, and the reasons for plaintiff's failure to obtain the action or for not making the effort.

Fed. R. Civ. Pro. 23.1(b)(3). Although Rule 23.1 "provides the procedural vehicle for addressing the adequacy of plaintiff's pleadings, [t]he substantive requirements of demand are a matter of state law." *Freedman v. Redstone*, 753 F.3d 416, 424 (3d Cir. 2014) (internal citation omitted).[1]

> A member may maintain a derivative action to enforce a right of a limited liability company if:
>
> a. the member first makes a demand on the other members in a member-managed limited liability company, or the managers of a manager-managed limited liability company, requesting that they cause the company to bring an action to enforce the right, and the managers or other members do not bring the action within a reasonable time; or
>
> b. A demand under subsection a. of this section would be futile.

N.J. Stat. Ann. § 42:2C-68. New Jersey law "therefore expressly preserves a member's ability to plead demand futility to satisfy the pleading requirements of N.J. Stat. Ann. [§] 42:2C-68." *Austar Int'l, Ltd. v. Austarpharma LLC*, 425 F. Supp. 3d 336, 353 (D.N.J. Nov. 27, 2019). Thus, a shareholder derivative complaint must either plead that such a pre-suit demand has been made or that such demand is excused because it would be "futile." *In re PSE&G Shareholder Litig.*, 801 A.2d 295, 307 (2002). Under New Jersey law, the plaintiff bears the burden of establishing that demand was futile. *Id.* at 312.

---

[1] TPH is a limited liability company organized in the state of New Jersey, so the substantive law to be applied in this matter governing internal corporate affairs is the law of New Jersey. *Fagin v. Gilmartin*, 432 F.3d 276, 282 (3d Cir. 2005).

As with any Rule 12(b)(6) motion, in ruling on a motion to dismiss for failure to satisfy the shareholder derivative suit particularity standard, the court is required "to accept as true all allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Kanter*, 489 F.3d at 177, 178 n.9. However, the Court need not credit bald assertions or legal conclusions found within a complaint. *Id.* at 177–78.

## III. DISCUSSION

### A. Derivative Claims

The Borough Defendants first seek dismissal of Plaintiff's Amended Complaint for failure to satisfy the pleading standard set forth in Rule 23.1. (Defs.' Moving Br. 6–7.) Plaintiff's FAC pleads that Plaintiff "made no demand upon TPH . . . because doing so would be futile." (FAC ¶ 16.) Plaintiff pleads he "has been for several years[] in litigation with the other member of TPH." (*Id.*) Plaintiff also pleads that he "previously proposed to the other member that they should bring the current action on numerous occasions, but that member refused those proposals."[2] (*Id.*)

"[F]or [LLC member] plaintiffs in New Jersey to withstand a motion to dismiss for failure to make a demand, they must plead with particularity facts creating a reasonable doubt that: (1) the [members] are disinterested and independent, or (2) the challenged transaction was otherwise the product of a valid exercise of business judgment." *In re PSE&G*, 801 A.2d at 310; *see also Lola Cars Int'l Ltd. V. Krohn Racing, LLC*, No. 4479-VCN, 2009 WL 4052681, at *7 (Del. Ch. Nov. 12, 2009) (stating that the court relies upon corporate precedent to interpret the meaning of statutes

---

[2] Plaintiff offers no factual allegations regarding these proposals, but does not argue that these proposals constituted a demand.

applying to limited liability companies).³ Demand futility may be met under the first prong if incumbent members "face a substantial likelihood of liability" that renders them "personally interested in the outcome of the decision on whether to pursue the claims asserted in the complaint." *Stone ex rel. AmSouth Bancorporation v. Ritter*, 911 A.d 362, 367 (Del. 2006). If a plaintiff fails to satisfy the first prong, "there is a presumption that the . . . actions were the product of a valid exercise of business judgment." *In re Intel Corp. Derivative Litig.*, 621 F. Supp. 2d 165, 170 (D. Del. 2009) (citing *Beam v. Stewart*, 845 A.2d 1040, 1049 (Del. 2004)).

This Court finds that Plaintiff has not met his burden of establishing that demand was futile. Plaintiff does not allege facts that demonstrate why the other member faces a substantial likelihood of liability that renders him personally interested in whether to pursue the claims. First, Plaintiff concedes that he did not make a demand. (FAC ¶ 16.) Second, Plaintiff pleads he has been involved in litigation with the other member for several years. But Plaintiff does not allege that this litigation is related to the claims here, nor provide any specific allegations on the subject matter of the litigation.⁴ Finally, Plaintiff pleads that the other member previously opted not to bring a suit asserting the claims here. Plaintiff's allegations merely show he and the other member disagree about the claims—and possibly other matters as well. But the allegations do not create reasonable doubt that the other member is disinterested and independent in regard to these claims. Plaintiff provides no allegations that rebut the presumption that the other member's decision not to initiate

---

³ New Jersey has adopted Delaware's demand futility standard, and New Jersey courts "generally follow Delaware's pronouncements on corporate law, . . . therefore an appropriate source of reference is the case law of Delaware." *In re Merck & Co. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 399 (3d Cir. 2007).

⁴ Plaintiff provides a citation to this litigation in his opposition brief. (*See* Pl.'s Opp'n Br. 12 (citing *Klapper v. Sullivan*, No. 17-13137 (D.N.J.)).) The Court, however, does not consider this citation. *See Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

this suit is anything other than the product of a valid exercise of business judgment. Accordingly, Plaintiff fails to establish that demand is futile and the Court must dismiss Plaintiff's derivative claims.

## B. Remaining Direct Claims

Defendants assert that Plaintiff's direct claims must be dismissed because Plaintiff lacks standing. Defendants' argument on standing consists of a four-sentence paragraph. (*See* Defs.' Moving Br. 7.) Defendants also do not move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Although the Court acknowledges that Plaintiff's complaint provides sparse allegations of injury suffered by him personally, rather than injuries suffered by TPH, the Court declines to consider Defendants' cursory argument.

Defendants also argue Plaintiff's claims are barred by the two-year statute of limitations on personal injury actions. (*Id.* at 8.) Defendants argue their last alleged action against Plaintiff occurred on September 26, 2016 (*Id.*) Plaintiff filed the Complaint on October 29, 2019. (*See generally* Compl., ECF No. 1.) Plaintiff, however, asserts his claims accrued on October 30, 2017—the day the Property was sold at a sheriff's sale—and accordingly his claims are not barred. (Pl.'s Opp'n Br. 13.) Here, the Court finds that resolving the statute of limitations dispute upon the allegations in the current pleadings is premature. The Court will resolve whether Plaintiff's claims are barred by the statute of limitations upon a more developed factual record.

Finally, Defendants argue that Plaintiff's FAC is barred by the entire controversy doctrine, claim preclusion, or issue preclusion. (Defs.' Moving Br. 8–12.) The Court declines to dismiss Plaintiff's direct claims on these bases upon on the pleadings and Defendant's Motion to Dismiss. First, Plaintiff alleges facts occurring after final judgment in the state court action—such as the sale of the Property—which may make Plaintiff's claims based on a new transaction or occurrence or give rise to claims that could not have been asserted in the Superior Court Action.

8

Second, Defendants' briefing provides sparse detail on Plaintiff's defenses or counterclaims in the Superior Court Action. (*See generally* Defs.' Moving Br. 2–3.) This makes it difficult for the Court to determine: (1) Plaintiff's arguments in the Superior Court Action; (2) Plaintiff's counterclaims or defenses; or (3) whether any of Plaintiff's counterclaims or defenses could be considered actually litigated, decided, and essential to the final judgment. For example, Defendants assert that Plaintiff "opposed the restraints and sought a declaratory judgment . . . that the Borough's actions against TPH and [Plaintiff] were unconstitutional based on civil rights violations under § 1983." (*Id.* at 2 (citing Weiss Certif. Exs. B–F, ECF Nos. 12-4–12-8).) Defendants do not demonstrate that those civil rights violations asserted in the Superior Court Action are the same Plaintiff brings here.

Finally, Defendants do not discuss how the prior action precludes Plaintiff's claims against Defendants who were not parties in the Superior Court Action. Indeed, it is unclear whether Defendants seek dismissal of Plaintiff's claims against all Defendants or just the Borough. (*See, e.g.,* Defs.' Moving Br. 10 (referring only to Plaintiff's claims against the Borough); *id.* at 11–12 (describing Defendants as identical to or in privity with the plaintiffs in the Superior Court Action without discussion).) For these reasons, the Court declines to decide Defendants' preclusion-based arguments at this time. The Court denies Defendants' Motion to Dismiss Plaintiff's direct claims.

## IV. CONCLUSION

In sum, the Court grants in part and denies in part Defendants' Motion to Dismiss and dismisses Plaintiffs' derivative claims. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

9