## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RICHARD SULLIVAN,

               Plaintiff,

               v.

BOROUGH OF ATLANTIC CITY
HIGHLANDS, et al.,

               Defendants, and

THOMAS PAINE HOUSE, LLC,

               Nominal Defendant.

Civil Action No. 19-19510(MAS)(ZNQ)

**MEMORANDUM OPINION**

This matter comes before the Court upon Plaintiff Richard Sullivan's ("Plaintiff") Motion for Leave to file a Second Amended Complaint (the "Motion"). (Mot. for Leave to file Second Amended Compl., ECF No. 33). Defendants Borough of Atlantic Highlands (the "Borough"), Adam Hubeny, Martin Hawley, Richard Rast, Peter Johnson, and Tracie Ahern ("Defendants") opposed (Defs.' Opp'n, ECF No. 34), and Plaintiff replied (Pl.'s Reply, ECF No. 35). The Court has carefully considered the arguments and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth herein, Plaintiff's Motion is granted.

## I.   BACKGROUND

Plaintiff is a member of TPH, LLC ("TPH"), a New Jersey limited liability company. (Pl.'s Moving Br. Ex. A, Proposed Second Am. Compl. ¶¶ 1, 16, ECF No. 33-2.) TPH owned property located at 170 Ocean Boulevard, Atlantic Highlands, New Jersey 07716 ("the Property") between

December 2014 and October 2017. (*Id.*) Plaintiff managed the Property on a day-to-day basis, and between 2009 and 2015, Plaintiff oversaw a complete rebuild of the pre-existing Revolutionary War-era home on the Property. (*Id.*) In 2015, Plaintiff and TPH applied to the Borough Planning Board (the "Planning Board") for conditional use and site approval to convert the Property into a bed and breakfast establishment. (*Id.* ¶ 2.) The application was granted, subject to the condition that Plaintiff and TPH obtain a license to operate as a bed and breakfast. (*Id.*) In order to obtain the required license, Plaintiff and TPH needed approval from defendant Hawley, the Borough's fire marshal who also served on the Planning Board. (*Id.*) Plaintiff alleges that Hawley improperly used his position as fire marshal to prevent Plaintiff from obtaining a license. (*Id.*)

In or around 2016, during negotiations for the bed and breakfast license, Plaintiff made efforts to rent the Property on a short-term basis through Airbnb.com ("Airbnb") and other short-term rental services. (*Id.* ¶ 5.) Plaintiff alleges that although no Borough ordinance or law prevented Plaintiff from renting out the property on a short-term basis, Defendants treated him differently from others to prevent him from renting out his home in violation of his constitutional property rights. (*Id.*) Plaintiff alleges Defendants treated him differently because of their personal and political animus towards him. (*Id.* ¶ 4.) The Borough filed a lawsuit against Plaintiff and TPH to obtain restraints against them from using the Property as an event space, banquet hall, or short-term rental location. (*Id.* ¶ 12.) The Borough obtained a permanent restraining order against Plaintiff and TPH. (*Id.*)

Plaintiff filed this lawsuit on October 19, 2019 and filed an Amended Complaint on December 27, 2019 asserting the following claims: (1) violation of Plaintiff's right to substantive due process under the Fourteenth Amendment to the United States Constitution, pursuant to 42 U.S.C. §§ 1983, 1988, (First Am. Compl. ¶¶ 85-90, ECF No. 10); (2) violation of Plaintiff's right

to equal protection under the Fourteenth Amendment, pursuant to §§ 1983, 1988, (*id.* ¶¶ 91-101); (3) violation of Plaintiff's right to procedural due process under the Fourteenth Amendment, pursuant to §§ 1983, 1988, (*id.* ¶¶ 102-107); and (4) tortious interference with Plaintiff's prospective economic relationship, (*id.* ¶¶ 108-115.) Plaintiff asserted these claims both directly and derivatively on behalf of TPH. (*Id.* ¶¶ 15-16.)

On January 10, 2020, Defendants moved to dismiss the Amended Complaint, alleging Plaintiff did not satisfy the pleading requirement for derivative actions under Fed. R. Civ. P. 23.1, Plaintiff lacked standing to bring the action, Plaintiff's Amended Complaint was barred by the two-year statute of limitations applicable to § 1983 claims, and Plaintiff's Amended Complaint was barred by the entire controversy doctrine, res judicata, and collateral estoppel. (*See generally* Defs.' Mot. to Dismiss, ECF No. 12.) On August 31, 2020, the Court granted the Borough Defendants' motion with regard to Plaintiff's derivative claims but denied the motion with regard to Plaintiff's direct claims. (Mem. Op., ECF No. 30.) In the First Amended Complaint ("FAC"), Plaintiff alleged that he did not make demand on the only other TPH member because demand would have been futile, as Plaintiff and the other TPH member were in litigation during that time. (FAC ¶ 16.) Plaintiff also alleged that he proposed to the other member that they should bring the current action on numerous occasions, but the member refused those proposals. (*Id.*) The Court found that Plaintiff did not adequately establish futility and as a result, the Court dismissed Plaintiff's derivative claims. Plaintiff now seeks leave to file a Second Amended Complaint ("SAC") to cure the defects found by the Court in the August 31, 2020 Memorandum Opinion, by alleging facts establishing that he did in fact make a demand on the other member and TPH to bring the present action. (SAC ¶ 86.) Plaintiff also alleges facts in the SAC that establish that the

member's refusal to bring an action against Defendants on behalf of TPH was not a valid exercise of the member's business judgment. (*Id.* ¶¶ 89-93.)

Defendants argue that the Court should deny Plaintiff's Motion because it is futile, and it will cause undue delay and prejudice. (*See generally* Defs.' Opp'n.) Defendants also seek leave to file a motion for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927. (*Id.* at 32.)

## II.     LEGAL STANDARD

### A.  Amendment of Pleadings

Rule 15(a)(2) authorizes a party to amend its pleadings "only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further instructs that "[t]he court should freely give leave when justice so requires." Though within the discretion of the Court,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Great Western Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (citing *In re Merck & Co. Sec., Derivative, & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007). "The standard for assessing futility is the 'same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6),'" meaning that all pleaded allegations are taken as true and viewed in a light most favorable to plaintiff. *Id.* (citing *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *Winer Family Trust v. Queen*, 503 F.3d 319, 330-31 (3d Cir. 2007). "[D]elay alone does not justify denying a motion to amend." *Allegheny Plant Servs., Inc. v. Carolina Cas. Ins. Co.*, No. 14-4265, 2017 WL 772905, at *4 (D.N.J. Feb. 27, 2017). "[P]rejudice

to the non-moving party is the touchstone for the denial of an amendment." *Phillips v. Borough of Keyport*, 179 F.R.D. 140, 144 (D.N.J. 1998) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir.1978)) (alteration in original). The Third Circuit has contemplated that the standard for denial of amendment is high, stating "[g]enerally, Rule 15 motions should be granted." *United States ex rel. Customs Fraud Investigations, LLC. V. Victaulic Co.*, 839 F. 3d 242, 249 (3d Cir. 2016).

### B. Judicial Estoppel

Judicial estoppel is a "judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996). This doctrine "is not intended to eliminate all inconsistencies... rather, it is designed to prevent litigants from playing 'fast and loose with the courts.'" *Id.* (citing *Scarano v. Central R. Co. of New Jersey*, 203 F.2d 510, 513 (3d Cir. 1953)). Importantly, judicial estoppel "is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims, especially when the alleged inconsistency is insignificant at best and there is no evidence of intent to manipulate or mislead the courts." *Id.* at 365. "Judicial estoppel is a doctrine intended to prevent the perversion of the judicial process." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982).

In determining whether to apply judicial estoppel, this Court must consider whether (1) the party's present position is inconsistent with a position formerly asserted and (2) if the party's positions are inconsistent, whether the party asserted the inconsistent positions in bad faith. *Ryan Operations,* 81 F.3d at 361; *McNemar v. Disney Store,* 91 F.3d 610, 618 (3d Cir. 1996). "Bad faith is evidenced by a party's intent to play fast and loose with the court." *McNemar*, 91 F.3d at 618

(quoting *Ryan Operations,* 81 F.3d at 361). "Whether the party sought to be estopped benefitted from its earlier position or was motivated to seek such a benefit may be relevant insofar as it evidences an intent to play fast and loose with the courts." *Ryan Operations*, 81 F.3d at 361. Additionally, there must be a showing that estoppel addresses the harm and no lesser sanction is sufficient. *G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3d Cir. 2009). Notably, "judicial estoppel is generally not appropriate where the defending party did not convince the District Court to accept its earlier position." *Id.* "Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations" and "therefore poses little threat to judicial integrity." *New Hampshire v. Maine*, 532 U.S. at 750-751 (quoting *United States v. C. I. T. Constr. Inc.*, 944 F.2d 253, 259 (5th Cir. 1991). Importantly, judicial estoppel is invoked at the Court's discretion. *Id.* at 750.

### C. Derivative Pleading Standards (Rule 23.1 and N.J.S.A. § 42:2C-68(a))

#### a. Rule 23.1

Federal Rule of Civil Procedure 23.1 sets forth the pleading standards in derivative suits. Rule 23.1 provides that in a derivative suit, the complaint must be verified and:

> (1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;
>
> (2) allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and
>
> (3) state with particularity:
>
> > (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and
> >
> > (B) the reasons for not obtaining the action or not making the effort.

Fed. R. Civ. P. 23.1(b).  Rule 23.1 addresses the procedural requirements for pleading in a

derivative suit, and the substantive requirements are addressed by applicable state law.  *See*

*Blasband v. Rales*, 971 F.2d 1034, 1047 (3d Cir. 1992).

### b.  N.J.S.A. § 42:2C-68(a)

New Jersey law provides pre-suit requirements that a member in a limited liability

company must follow before bringing a derivative action. The statute provides:

> A member may maintain a derivative action to enforce a right of a limited liability company
> if:
>
>     a.   the member first makes a demand on the other members in a member-managed
> limited liability company, or the managers of a manager-managed limited
> liability company, requesting that they cause the company to bring an action to
> enforce the right, and the managers or other members do not bring the action
> within a reasonable time; or
>
>     b.   A demand under subsection a. of this section would be futile.

N.J.S.A. § 42:2C-68(a). Accordingly, a derivative complaint must plead that pre-suit demand was

made or that demand was not made and is excused because making demand would be futile. New

Jersey law places the burden on Plaintiff to establish demand-futility.

### D. Business Judgment Rule

The business judgment rule protects boards of directors from "being questioned or second-

guessed on conduct of corporate affairs except in instances of fraud, self-dealing, or

unconscionable conduct." *PSE& G,* 801 A.2d at 276. To determine whether a shareholder demand

was properly denied, New Jersey courts apply the modified business judgment rule. *Id.* at 286. The

modified business judgment rule places an initial burden on the corporation or company "to

demonstrate that in deciding to reject or terminate a shareholder's suit the members of the board

(1) were independent and disinterested, (2) acted in good faith and with due care in their

investigation of the shareholder's allegations, and that (3) the board's decision was reasonable." *Id*. "All three elements must be satisfied." *Id*.

## III.   PARTIES' ARGUMENTS

### A. Plaintiff's Argument

Plaintiff argues that the SAC will not cause undue delay or prejudice because the Motion for leave to file the SAC is timely filed in accordance with the Court's August 31, 2020 Order and no discovery has taken place in the case. (Pl.'s Moving Br. 7.) Plaintiff also argues that the SAC is not futile. (*Id*.) Plaintiff explains that the allegations of the SAC satisfy the pleading requirements set forth by Rule 23.1 and N.J.S.A. § 42:2C-68 because the SAC alleges that Plaintiff made a pre-litigation demand on the other TPH member prior to bringing the derivative suit, but the member refused that demand. (*Id*. at 9-10.) The SAC alleges Plaintiff made demand when he informed the only other member of TPH that the member should "consider collectively suing the [Borough] of Atlantic Highlands." (SAC ¶ 86; Pl.'s Mot. at 9.)  Plaintiff argues that the language in the demand was sufficient to constitute a pre-litigation demand upon TPH because there are no special words required to make a formal demand and demand is sufficient so long as it (1) identifies the alleged wrongdoers, (2) identifies the alleged wrongdoing and the resulting injury to the corporation, and (3) specifies the legal action the shareholder wants the board to take. (*Id*.)

Plaintiff also seeks to allege in the SAC that the member's refusal of Plaintiff's demand was not a valid exercise of business judgment because the member was not disinterested, acted in bad faith, and was not reasonable in refusing to bring forth an action on behalf of TPH. (*Id*. at 10-11.) Therefore, Plaintiff seeks to argue that the member's refusal to sue Defendants is not protected

by New Jersey's modified business judgment rule, and Plaintiff's filing of the derivative action is permissible. *Id.*

## B. Defendants' Opposition

Defendants argue that Plaintiff's SAC is futile for several reasons. First, Defendants argue that Plaintiff is judicially estopped from filing the SAC. (Defs.' Opp'n 14-17.) Defendants argue that Plaintiff made two fundamentally inconsistent positions regarding whether demand was made to bring this lawsuit because initially, Plaintiff alleged in the FAC that he did not make demand because doing so would have been futile and now Plaintiff alleges in the SAC that he did make demand on the other member but the demand was refused. (*Id.* at 14.) Defendants further argue that Plaintiff's inconsistent positions are asserted in bad faith. (*Id.* at 16- 17.)

Next, Defendants argue the SAC is futile because Plaintiff already amended his initial Complaint once under Rule 15(a) and is now precluded from filing another amended complaint. (*Id.* at 17.) Defendants also argue the SAC is futile because Plaintiff does not satisfy the heightened pleading requirements for derivative actions under Rule 23.1 and N.J.S.A. 42:2C-68 as Plaintiff's message to the other member did not constitute a demand. (*Id.* at 22-25.) Defendants claim that Plaintiff's message was not a demand because (1) Plaintiff merely asked the other member to consider collectively suing Defendants, (2) Plaintiff did not mention TPH in the alleged demand, and (3) the alleged demand was made via email in response to the other member's message about an unrelated litigation. (*Id.* at 25.) Defendants also argue that Plaintiff failed to show instances of fraud, self-dealing, or unconscionable conduct to overcome the business judgment rule. (*Id.* at 25.) Additionally, Defendants argue that Plaintiff cannot establish that demand was futile. (*Id.* at 32.)

Defendants also argue that Plaintiff cannot maintain a cause of action on behalf of TPH because on August 14, 2017, TPH and the Borough entered into a settlement agreement whereby TPH and the Borough mutually released each other from all manner of actions. (*Id*. at 30-31.)

Defendants further argue that granting Plaintiff leave to file the SAC will cause undue delay and prejudice to Defendants because Defendants will have to defend a case where "material facts have been changed to meet new legal theories." (*Id*. at 31-32.)  Defendants also seek leave to file a motion for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927. (*Id*. at 32.) Defendants argue that Plaintiff and his counsel have violated Rule 11 and 28 U.S.C. § 1927 because Plaintiff's prior submissions to the Court lacked evidentiary support. (*Id*. at 35-36.) Defendants also claim that they have incurred additional costs, including attorneys' fees, because Plaintiff acted with bad faith and made intentional misrepresentations to the Court. (*Id*.)

### C.  Plaintiff's Reply

Plaintiff argues that judicial estoppel does not apply to the SAC. (Pl.'s Reply 2.) Plaintiff concedes that his prior pleadings alleged that no pre-suit demand had been made and that the SAC alleges that demand was made, but he argues he is not estopped from changing positions because (1) his positions are not irreconcilably inconsistent, as he has always alleged that he made requests of the other member to bring suit on behalf of TPH,  (2) he did not benefit from the position taken in prior pleadings, and (3) he has not made the allegations in bad faith or with the intent to play fast and loose with the court. (*Id*.)

Plaintiff also argues that the SAC successfully pleads that a pre-suit demand was made as there are no specific words that are required to make a formal demand. (*Id*. at 6.) Plaintiff further argues that the email message he sent to the other member sufficiently constituted a pre-suit

demand pursuant to the requirements of Rule 23.1 and N.J.S.A. § 42:2C-68. (*Id.* at 6-7.) With respect to the business judgment rule, Plaintiff argues that the modified business judgment rule should apply and that under the modified business judgment rule, the company has the initial burden to demonstrate that in rejecting a member's pre-suit demand, the members were independent and disinterested, acted in good faith and with due care in their investigation of the allegations, and the decision was reasonable. (*Id.* at 7-8.)

Plaintiff argues that Rule 15 does not preclude him from filing the SAC. (*Id.* at 8-9.) Plaintiff explains that the Court authorized him to move for leave to file the SAC. (*Id.*) Plaintiff further explains that Defendants' argument is based on Rule 15(a)(1)(B), but Rule 15(a)(2) is applicable and allows Plaintiff to amend the complaint with the court's leave. (*Id.*)

Next, Plaintiff argues that granting leave to file the SAC will not result in undue delay and will not prejudice Defendants because Defendants failed to explain how the SAC will cause any delay, specifically the kind of undue delay that would warrant denial of the motion for leave to amend. (*Id.* at 9.) Additionally, Plaintiff argues that Defendants failed to explain how they will be prejudiced as no discovery has been taken in this case so Defendants will not have to take new or additional discovery if the SAC is allowed. (*Id.* at 9-10.)

With respect to the settlement agreement, Plaintiff argues that this is the first time Defendants have raised the existence of this settlement agreement so it should be waived, and it should not be relied on to dismiss the claims at this stage. (*Id.* at 10.) Plaintiff further argues the settlement agreement should be rejected because (1) Defendants Hubeny, Hawley, and Rast are not parties to the agreement so no claims against them were or could have been released, (2) the agreement appears to be the result of fraud and a breach by the other member of his fiduciary duties to Plaintiff as the member knew that Plaintiff wanted to file suit against the Borough and he

released those claims without notice to or consent of Plaintiff, and (3) the agreement is signed by TPH's purported attorney, John Maloney, who did not have authority to act on behalf of TPH because at the time the agreement was entered into, Maloney was representing the other member as his personal attorney. (*Id.* at 10-11.)

Plaintiff argues that Defendants' request for sanctions must be denied because it is procedurally improper under Local Civil Rule. 7.1(h) and it violates Rule 11(c)(2). (*Id.* at 11.) Plaintiff further argues that Defendants' request for sanctions must be denied on the merits because Plaintiff should not be judicially estopped from filing the SAC. (*Id.* at 11.) Finally, Plaintiff argues that he and his counsel have not acted in bad faith and have not made intentional misrepresentations because Plaintiff has alleged in the Complaint, the Amended Complaint, and the SAC that the other member rejected Plaintiff's requests to file this suit. (*Id.* at 12.)

## IV.   **DISCUSSION**

### A.  **Amendment of Pleadings**

Rule 15(a)(2) authorizes a party to amend its pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although leave is within the Court's discretion, in the absence of any reason such as undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility, leave should be freely given. *Foman*, 371 U.S. at 182.

### i.     **Undue Delay and Prejudice**

Delay alone is typically not enough to justify denying a motion to amend. *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). In the present matter, the lapse of time is not excessive to the point where it is presumptively unreasonable. *See Victaulic Co.*, 839 F.3d at 252. Discovery in this case has not yet taken place. Although there may be some delay, the Court does not find that

it rises to the level of undue delay that warrants denial of an amendment.

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Phillips*, 179 F.R.D. at 144. In examining prejudice, the Third Circuit considers "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). Discovery has not yet taken place. Additionally, Plaintiff's alleged request that the member take action against Defendants on behalf of TPH was not raised for the first time in the SAC. Plaintiff has alleged that he requested that the member take action on behalf of TPH in the Complaint and FAC. (Compl. ¶ 8; FAC ¶ 16.) Accordingly, the Court does not find that the SAC will prejudice Defendants.

  **ii.**  **Futility**

As the Court finds no threat of undue delay or prejudice, the Court next considers whether the SAC is futile. In determining whether a proposed amendment is futile, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted). An amended complaint is futile if as amended, it "would fail to state a claim upon which relief could be granted." *Id.* The Court "determines futility by taking all pleaded allegations as true and viewing them in the light most favorable to [the moving party]." *Great W. Mining & Mineral Co.*, 615 F.3d at 175. "To survive a motion to dismiss, a complaint must contain sufficient factual mater, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Defendants argue that the SAC is futile because (1) Plaintiff is judicially estopped from filing a SAC, (2) Plaintiff's SAC does not comply with Rule 23.1 and N.J.S.A. § 42:2C-68(a), and (3) Plaintiff does not establish that the member's failure to bring the action on

behalf of TPH was not a valid exercise of business judgment.

### a.   Judicial Estoppel

Judicial estoppel is a "judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding." *Ryan Operations*, 81 F.3d at 358. In examining whether to apply judicial estoppel, the Third Circuit considers (1) whether the party's present position is inconsistent with a position formerly asserted and (2) whether the party asserted the inconsistent positions in bad faith. *Ryan Operations*, 81 F.3d at 361; *McNemar*, 91 F.3d at 618. Additionally, there must be a showing that estoppel addresses the harm and no lesser sanction is sufficient. *G-I Holdings*, 586 F.3d at 262.

First, Plaintiff asserted in his Complaint and FAC that he did not make demand on the other member to bring forth a derivative suit against Defendants on behalf of TPH. (FAC ¶ 16.) In Plaintiff's proposed SAC, Plaintiff seeks to allege that he did in fact make demand when he sent an email to the other member asking him to collectively bring suit. (SAC ¶ 86.) Although the SAC presents a position that is inconsistent with the position taken in the Complaint and FAC, in both the Complaint and FAC, Plaintiff alleged that he requested the other member bring an action against Defendants on behalf of TPH. (Compl. ¶ 8; FAC ¶ 16.) Thus, the SAC is not the first time that Plaintiff is alleging that he asked the other member to bring an action against Defendants on behalf of TPH, and as a result, the Court does not find Plaintiff's new position to be irreconcilably inconsistent.

Moreover, the Court does not find that Plaintiff changed his position in bad faith. "Whether the party sought to be estopped benefitted from its earlier position or was motivated to seek such a benefit may be relevant insofar as it evidences an intent to play fast and loose with the courts." *Ryan Operations*, 81 F.3d at 361. Here, Plaintiff did not benefit from alleging that he made demand

as the Court dismissed his derivative claim. (*See* Mem. Op., ECF No. 30 at 9.)

Additionally, the Third Circuit has found bad faith in instances where a statement (1) "is susceptible to more than one interpretation," (2) "contains a legal conclusion, as distinguished from a purely factual inconsistency," and (3) "where a party lacked sufficient knowledge of the statement's truth when it was made." *Palcsesz v. Midland Mut. Life Ins. Co.*, 87 F. Supp. 2d 409, 413-14 (D.N.J. 2000). The second prong applies here. Whether Plaintiff made demand is a matter of law and is not solely a matter of fact.

Importantly, "judicial estoppel is generally not appropriate where the defending party did not convince the District Court to accept its earlier position." *G-I Holdings*, 586 F.3d at 262. "Absent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations' and thus poses little threat to judicial integrity." *New Hampshire v. Maine*, 532 U.S. at 750-751. Here, the Court did not accept Plaintiff's earlier position that Plaintiff made demand.  Plaintiff's derivative claim was dismissed for failure to make demand and the Court granted Plaintiff leave to move to file a SAC. (Mem. Op., ECF No. 30.) The Court finds that Plaintiff did not convince the District Court to accept his previous position and this finding weighs against applying judicial estoppel. Therefore, as the Court cannot make a finding of bad faith, the Court declines to apply judicial estoppel.

### b.  Rule 23.1 and N.J.S.A. § 42:2C-68(a)

Next, the Court considers whether the SAC complies with the pre-suit demand requirements set forth in the Rule 23.1 and N.J.S.A. § 42:2C-68(a). Rule 23.1 provides the procedural pleading standards in derivative suits. *See Blasband*, 971 F.2d at 1047. Rule 23.1 requires that the complaint in a derivative suit "state with particularity any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the

shareholders or members; and the reasons for not obtaining the action or not making the effort."

Fed. R. Civ. P. 23.1(b)(3). Thus, a member or shareholder must make a pre-suit demand on the

board of directors or other shareholders prior to filing a derivative action on behalf of the company.

If the plaintiff does not make a pre-suit demand, the plaintiff must provide an adequate reason for

not doing so.

Moreover, New Jersey law provides pre-suit requirements that a member in a limited

liability company must follow before bringing a derivative action. N.J.S.A. § 42:2C-68(a) provides

that a member may bring a derivative action on behalf of a limited liability company if the member

first makes demand on the other members requesting that they bring an action on behalf of the

company and the members do not bring an action within a reasonable time or making demand

would be futile. *See In re PSE& G Shareholder Litig.*, 801 A.2d at 307. N.J.S.A. § 42:2C-70

requires that the derivative complaint alleges with particularity, the date and content of plaintiff's

demand and the response to the demand by the other members.

Plaintiff alleged with particularity that he made demand on the other TPH member to bring

an action on behalf of TPH against Defendants. Specifically, Plaintiff relies upon the following

message:

> "I would like you to consider collectively suing the Boro [sic] of
> Atlantic Highlands, for the following; [sic] prejudicial behavior, tortious
> interference, candor towards tribunal, SLAPP restraint of business,
> malicious prosecution. And . . . even a 1987 [sic] case (civil rights
> violations), freedom of speech, interference with the free and enjoyable
> use of the home, all could be brought against them, etc. etc. . . . I think
> we would have an excellent case [on the civil rights claims] against the
> town with regard to the prior charges."

(SAC ¶ 86.) Contrary to Defendants' argument, Rule 23.1 does not set forth the substantive

requirements for demand. It merely provides the procedural requirement that Plaintiff make pre-

suit demand. Accordingly, the Court finds that the SAC complies with the procedural requirements

set forth in Rule 23.1.

The Court also finds that Plaintiff made demand before bringing the derivative action in accordance with N.J.S.A. § 42:2C-68(a) and N.J.S.A. § 42:2C-70. Plaintiff alleges in the SAC that the member did not bring an action against TPH within a reasonable time. Additionally, the SAC provides the date demand was made, April 14, 2017, the content of Plaintiff's demand, and the other member's response, or lack thereof, to Plaintiff's demand. (SAC ¶¶ 86, 89.) Therefore, the Court finds that the SAC complies with the requirements set forth in N.J.S.A. § 42:2C-68(a) and N.J.S.A. § 42:2C-70.

The substantive requirements of a demand are addressed by state law. *See Blasband*, 971 F.2d at 1047. Here, TPH is a New Jersey company, and as a result, New Jersey law applies. *See id*. "New Jersey courts generally follow Delaware's pronouncements on corporate law." (*See* Mem. Op., ECF No. 30 at 8-9 (quoting *In re Merck*, 493 F.3d at 399)). Therefore, the "adequacy of demand must be determined on a case by case basis," however, the "application of certain basic principles, if followed, will invariably result in a demand being deemed adequate." *Allison on behalf of General Motors Corp. v. General Motors Corp.*, 604 F. Supp. 1106, 1117 (D. Del. 1985). A demand is adequate if it alerts the Board of Directors so that the Board "can take such corrective action, if any, as it feels is merited." *Id*. (citing *Daily Income Fund, Inc. v. Fox*, 104 S. Ct. 831, 837 (1984)). "At a minimum, demand must identify the wrongdoers, describe the factual basis of the wrongful acts and the harm caused to the corporation, and request remedial relief." *Id*.

In applying these elements to the instant demand, the Court finds that the demand is adequate. The demand identifies the Borough as the alleged wrongdoer, and it identifies the requested remedial relief by listing the claims to be brought against the Borough. (SAC ¶ 86.) The Court finds Plaintiff's argument that "the prior charges" mentioned in the demand was understood

by Plaintiff and the member to mean the prior charges that the Borough filed against TPH, persuasive. Therefore, the "prior charges" mentioned in the demand is the harm TPH suffered.

The Court declines to address Defendants' argument that Plaintiff cannot establish demand futility under New Jersey law because Plaintiff does not allege in the SAC that making demand would have been futile. Plaintiff alleges that he did in fact make demand on the other TPH member. (SAC ¶ 86.)

### c. Business Judgment Rule

Because the Court finds Plaintiff made pre-suit demand, the next question is whether the other member's refusal to file suit on behalf of TPH was a valid exercise of the member's business judgment. The business judgment rule protects boards of directors from "being questioned or second-guessed on conduct of corporate affairs except in instances of fraud, self-dealing, or unconscionable conduct." *PSE& G*, 801 A.2d at 276. In determining whether a member's demand was properly denied, New Jersey courts apply the modified business judgment rule.[1] *Id.* at 286. The modified business judgment rule places an initial burden on the company "to demonstrate that in deciding to reject or terminate a shareholder's suit the members of the board (1) were independent and disinterested, (2) acted in good faith and with due care in their investigation of the shareholder's allegations, and that (3) the board's decision was reasonable." *Id.* at 286. Therefore, the burden is on the member on behalf of TPH to show that the member's decision not to bring an action against Defendants was independent and disinterested, the member acted in good faith and with due care, and that the member's decision was reasonable.

---

[1] Although Defendants argue that the modified business judgment rule should not apply because of the 2013 amendment to the New Jersey Business Corporation Act ("NJBCA"), which changed the modified business judgment rule back to the original business judgment rule, the NJBCA does not apply because TPH is a New Jersey limited liability company. Therefore, Revised Uniform Limited Liability Act applies here.

In examining whether board members are disinterested and independent, courts consider whether "divided loyalties are present" or whether the "director stands to receive a personal financial gain from the transaction not equally shared by the shareholders." *Id.* at 289-290. To determine whether a board member or shareholder acted in good faith and with due care, courts consider "the procedures employed by the board in making its determination." *Id.* at 291. In determining whether a board member's decision was reasonable, courts "consider all relevant justifications for management's determination, including the seriousness and weight of the plaintiff['s] allegations. *Id.* at 295.

Although the modified business judgment rule places the burden on TPH, the company, the Court finds that the facts alleged in the SAC do not support a finding of a valid exercise of business judgment by the member. The SAC alleges that the member was not independent or disinterested because the member had divided loyalties as he was interested in using Plaintiff's demand as leverage to get Plaintiff to sign the Standstill Agreement.[2] The Standstill Agreement purportedly "would transfer managerial and control of TPH from Plaintiff to the member." (SAC ¶¶ 87-92.) The SAC also alleges that the member acted in bad faith and without due care because the member used the demand as a "bargaining chip" with respect to the Standstill Agreement and the member made no investigation into the potential merits of the claims raised by Plaintiff in the demand. (*Id.* ¶¶ 87-91, 92.) Additionally, the SAC alleges that the member's rejection of the demand was not reasonable because he made no effort to inform himself of the substance of Plaintiff's allegations. (*Id.* ¶ 92.)

After viewing the pleaded allegations as true and in the light most favorable to Plaintiff,

---

[2] In April 2017, when Plaintiff made demand, Plaintiff and the member were in an ongoing litigation concerning another matter. Plaintiff and the member were negotiating the Standstill, Tolling, and Transition Agreement ("Standstill Agreement"). The Standstill Agreement relinquished the day-to-day managerial and operational control of TPH to the other member.

the Court finds that Plaintiff has stated a claim upon which relief can be granted. The Court finds that judicial estoppel does not apply here, the SAC complies with the requirements set forth in Rule 23.1 and N.J.S.A. § 42:2C-68(a), and the SAC establishes that the member's refusal to file suit on behalf of TPH was not a valid exercise of the member's business judgment. Accordingly, the Court does not find that the SAC is futile.

After having found no undue delay, prejudice, or futility, and within the Court's discretion, the Court finds that Plaintiff should be granted leave to file the SAC.

### B. Settlement Agreement

Defendants argue that Plaintiff cannot bring a derivative action on behalf of TPH against the Borough because TPH and the Borough entered into a settlement agreement on August 14, 2017 that mutually released both parties from all actions. (Defs.' Opp'n 31.)  Plaintiff argues that the SAC is not barred by the settlement agreement because this is the first time Defendants are raising this argument and Plaintiff was unaware of this agreement until it was presented in this instance. (Pl.'s Reply 10.) Plaintiff further argues that "the agreement appears to be the result of a fraud and a breach by [the member] of his fiduciary duties" to Plaintiff because Plaintiff did not consent to the agreement and because the member was aware that Plaintiff wanted to sue Defendants, specifically the Borough. (*Id.* at 10-11.)  Plaintiff also argues that the member's personal attorney represented the member in a lawsuit against the Borough and therefore was not authorized to represent TPH in this matter because it is a conflict of interest. (*Id.*) Based on the parties' conflicting arguments, the Court finds that this issue would be better decided at the summary judgment stage, after more thorough briefing and discovery.

### C. Sanctions

Upon consideration of the parties' arguments, along with the Courts analysis and

conclusions stated above, the Court does not find that the imposition of sanctions is appropriate here. As a result, the Court denies Defendants' request for leave to seek sanctions under Rule 11 and 28 U.S.C. § 1927.

**V.       Conclusion**

For the reasons stated above, and other good cause shown, Plaintiff's Motion for Leave to Amend his Complaint is hereby granted. An appropriate Order follows.

ZAHID N. QURAISHI
UNITED STATES MAGISTRATE JUDGE