**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD SULLIVAN,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF ATLANTIC HIGHLANDS, et al.,<br><br>Defendants. | Civil Action No. 19-19510 (MAS)(ZNQ)<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court upon Peter Klapper's ("Movant") Motion to Intervene (the "Motion"). (Moving Br., ECF No. 41.) Plaintiff Richard Sullivan ("Plaintiff") opposed and cross-moved in the alternative for seventy-eight percent of his legal fees incurred in litigating this case if the Court permits Movant to intervene. (Pl.'s Opp'n and Cross Mot., ECF No. 42.) Movant replied to Plaintiff's Opposition and opposed Plaintiff's Cross-Motion. (Reply, ECF No. 43.) For the reasons set forth below, the Motion is denied, and Plaintiff's Cross-Motion for attorney's fees is denied as moot.

## I. <u>BACKGROUND</u>

Movant and Plaintiff were the sole members of Thomas Paine House, LLC ("TPH"). (Moving Br. at 1.) Movant owned 78% of TPH and Plaintiff owned 22%. (*Id.*; Pl.'s Opp'n at 1.) TPH owned the property located at 170 Ocean Boulevard, Atlantic Highlands, New Jersey, which was known as the "Thomas Paine House." (Moving Br. at 1.) Plaintiff brought this section 1983 and section 1988 action, alleging Defendants unconstitutionally frustrated his attempts to use the Thomas Paine House as a bed and breakfast and as a short-term rental property. (*See* Second Amend. Compl., ECF No. 38.) TPH's Operating Agreement provides "distributions shall be made

(i) first to [Movant] until he shall have received aggregate distributions totaling $1,000,000, and (ii) thereafter to all Members in accordance with their respective percentage interests, or as otherwise agreed by the Members in writing." (Moving Br. at 6.) Movant now seeks to intervene in the instant action "to protect his own derivative rights." (*Id*. at 2.)

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 24(a)(2) provides a timely movant the right to intervene where the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

> It is axiomatic that to intervene as a matter right under Rule 24(a)(2) the prospective intervenor must establish that: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation."

*In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir.1987)).

"In defining the contours of a 'significantly protectable' legal interest under Rule 24(a)(2), [the Third Circuit has] held that, '"the interest must be a legal interest . . ." [and] [t]he applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene.'" *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995). The Court must "therefore determine whether the proposed intervenors are real parties in interest." *Id.* "While a mere economic interest may be insufficient to support the right to intervene, an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund." *Id.*

Separately, Rule 24(b) allows potential parties to seek permissive intervention. Specifically, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The decision of whether to grant or deny intervention under Rule 24(b)(1)(B) is within the court's discretion. *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992).

## III. DISCUSSION

Movant argues that he should be allowed to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2), or in the alternative, requests permissive intervention pursuant to Fed. R. Civ. P. 24(b).

### a. Intervention as of Right

The Third Circuit has held that "a litigant seeking intervention as of right under Rule 24(a)(2) must establish 1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests." *Liberty Mut. Ins. Co.* v. *Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. United States Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998)). "Each of these requirements must be met to intervene as of right." *Id.* (quoting *Mountain Top Condo.,* 72 F.3d at 366).

There is no dispute that Movant's Motion is timely. Thus, the Court turns to whether Movant has a sufficient interest in the underlying litigation. A proposed intervenor "must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Mountain Top,* 72 F.3d at 366. Notably, "a mere economic interest in the outcome in the litigation is insufficient to support a motion to intervene." (*Id.*) However, a proposed

intervenor's "interest in a specific fund is sufficient to entitle intervention in a case affecting that fund." (*Id.*) In determining whether a proposed intervenor has an interest in a specific fund as opposed to a purely economic interest, courts consider whether the proposed intervenor seeks to recover from a "discrete, limited fund." *See Westra Constr., Inc. v. United States Fid. & Guar. Co.*, 546 F. Supp. 2d 194, 201 (M.D. Pa. 2008) (citing *Mountain Top*, 72 F.3d at 366).

Movant argues that he has a significant, protectable legal interest in a specific fund under TPH's Operating Agreement. (Moving Br. at 12.) The Operating Agreement provides that "any distributions made to the members of TPH shall be made (i) first to [Movant] until he shall have received aggregate distributions totaling $1,000,000, and (ii) thereafter to all Members in accordance with their respective percentage interests, or as otherwise agreed by the Members in writing." (*Id.* at 12-13.) Movant also contends that there should be no dispute that he has a sufficient interest in the adjudication of TPH's rights because he was the majority owner. (*Id.* at 13.) Plaintiff responds that Movant has not identified a specific fund in which he has an interest because "the purported interest [Movant] seeks to protect does not even exist yet, and is too remote and speculative to support intervention as of right." (Pl.'s Opp'n at 8.)

The Court agrees with Plaintiff. Contrary to Movant's argument, (Reply at 12), Movant fails to demonstrate how he has an interest in a specific fund. Movant's interest set forth in the Operating Agreement does not yet exist. Movant's purported interest is contingent on TPH's success in the instant litigation. Movant seeks to enforce his distribution rights, when no such distribution is available at this juncture. Movant cannot allege that he has a sufficient interest in the underlying litigation when Movant admittedly conceded in his proposed Complaint in Intervention that "[Movant] has no personal knowledge as to the factual bases for [Plaintiff's] causes of action against Defendants." (Compl. in Intervention at ¶ 35.) Movant further contends

that his objective in intervening in this action is to "ensure that if [Plaintiff] were successful in obtaining any recovery on behalf of TPH, any such recovery would be distributed as required by the Operating Agreement." (Reply at 9.) Plaintiff brought this action on behalf of himself and derivatively on behalf of TPH to allege section 1983 and section 1988 violations by Defendants. Accordingly, Movant acknowledges the hypothetical nature of his interest and does not have a sufficient interest in the underlying litigation. Therefore, the Court will not grant intervention as of right. To the extent that Movant is concerned about a potential breach of the Operating Agreement by Plaintiff, if that issue arises, Movant may address that issue in a separate action.

**b. Permissive Intervention**

Alternatively, Movant asks the Court to permit intervention because the request is timely, Movant's claims share common questions of law and fact, and will not cause undue delay or prejudice. (Moving Br. 16–17.) Rule 24(b)(1)(B) provides the Court with the discretion to allow intervention "[o]n timely motion" where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Additionally, the decision of whether to grant or deny permissive intervention lies within the Court's discretion. *Brody By & Through Sugzdinis*, 957 F.2d at 1124. Courts also consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

As discussed above, there is no dispute that the Motion is timely. Therefore, the Court turns to whether Movant's claims share common questions of law or fact. Movant contends that his claims do share common questions of law and fact with Plaintiff's claims because Movant and Plaintiff's claims "both derive from their membership interests in TPH" and therefore, "the relevant facts and law are one and the same." (Moving Br. at 17.) Plaintiff responds that Movant's

claims are wholly unrelated to Plaintiff's alleged constitutional violations by Defendants against Plaintiff and TPH. (Pl.'s Opp'n at 11-12.)

The Court finds that Movant has not shown that his claims share a common question of law or fact with the underlying litigation such that permissive intervention would be appropriate. Plaintiff alleges that the Borough Defendants violated his and TPH's constitutional rights and that the Neighbor Defendants tortiously interfered with his and TPH's economic opportunities. (*See generally* Second Amended Compl.; Pl.'s Opp'n at 11.) In Movant's proposed Complaint in Intervention, he provides one "derivative claim." Specifically, Movant requests that "should the Court enter judgment against one or more of the Defendants based upon the causes of action set forth in the Second Amended Complaint, any award of damages should be in favor of [Movant] and TPH, and not in favor of [Plaintiff]." (Proposed Compl. in Intervention at ¶ 39.) The proposed Complaint in Intervention also provides that "[Movant] has no personal knowledge as to the factual basis for [Plaintiff''s] causes of action." (*Id*. at ¶ 35.) Movant fails to establish how his claims are common in law or fact to Plaintiff's section 1983 and section 1988 claims. The fact that both Movant and Plaintiff are members of TPH does not mean that their respective claims are common in law or fact. Movant seeks intervention in this action solely to ensure that he obtains adequate distribution, if any, from the potential judgment against Defendants pursuant to the Operating Agreement. Accordingly, the Court finds that Movant's claims do not share a common question in law or fact with Plaintiff's claims and denies Movant's request for permissive intervention.

## IV. <u>CONCLUSION AND ORDER</u>

For the reasons set forth above and for other good cause shown,

**IT IS** on this 10th day of March, 2021 **ORDERED** that:

1. The Motion (ECF No. 41) is hereby **DENIED**.

2. Plaintiff's Cross-Motion (ECF No. 42) is **DENIED AS MOOT**.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES MAGISTRATE JUDGE**