<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| RICHARD SULLIVAN,<br><br>    Plaintiff,<br><br>    v.<br><br>BOROUGH OF ATLANTIC<br>HIGHLANDS *et al.*,<br><br>    Defendants. | Civil Action No. 19-19510 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

  This matter comes before the Court on Defendant Peter Johnson's ("Johnson") Motion for Summary Judgment. (ECF No. 79.) Plaintiff Richard Sullivan ("Sullivan") opposed (ECF No. 85) and submitted a declaration under Federal Rule of Civil Procedure 56(d) requesting discovery (ECF No. 85-1), to which Johnson replied (ECF No. 89).[1] The Court has carefully considered the parties' submissions and decides the motion without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Sullivan's request for discovery under Rule 56(d) and grants Johnson's Motion for Summary Judgment.

---

[1] Hereafter, references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

I.    **BACKGROUND**[2]

This matter arises out of Sullivan's failed business venture to transform the Thomas Paine

House ("Paine House"), a luxury home located in Atlantic Highlands, New Jersey, into a profitable

bed and breakfast or short-term rental venue. (*See generally* Second Am. Compl. ("SAC"), ECF

No. 38; Johnson's Statement of Undisputed Material Facts ¶¶ 1-4 ("Johnson's Undisputed Facts"),

ECF No. 79-3.)[3] Sullivan claims that Johnson, a former neighbor of the Paine House, interfered

with his prospective economic expectations in operating the property, which ultimately led to its

foreclosure and sale in 2017. (SAC ¶¶ 2, 7, 36, 82-84, 118-25.) The story begins a few years earlier

in December 2014, when Sullivan purchased the Paine House through the Thomas Paine House,

LLC (the "Company"), a New Jersey limited liability company. (Sullivan's Supp. Facts ¶¶ 1-2.)

In 2015, Sullivan applied to the Atlantic Highlands Planning Board ("Planning Board") for

conditional approval of the property as a bed-and-breakfast establishment, which the Planning

Board granted. (Johnson's Undisputed Facts ¶ 4.) That approval, however, was conditioned on

Sullivan obtaining a bed-and-breakfast license and meeting various other building code

requirements. (*Id.* ¶¶ 4-5.) Sullivan failed to do so. (*Id.* ¶ 7.) Nonetheless, starting in September

2016, Sullivan utilized the Paine House on three occasions as either a short-term rental or wedding

venue. (Sullivan's Supp. Facts ¶¶ 24, 32, 38.) At all times, Sullivan did not have any rental licenses

---

[2] On a summary judgment motion, the Court will "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994)).

[3] Sullivan disputes some of Johnson's factual representations. (*Compare* Johnson's Undisputed Facts, *with* Plaintiff's Response to Defendant Johnson's Statement of Material Undisputed Facts ("Sullivan's Undisputed Facts Response"), ECF No. 85-3.) Accordingly, the Court relies on the facts that remain undisputed by the parties, as well as Sullivan's supplemental facts to view the motion in a light most favorable to Sullivan. (*See* Plaintiff's Supplemental Statement of Disputed Material Facts ("Sullivan's Supp. Facts"), ECF No. 85-4.) When necessary, the Court also references the Verified Second Amended Complaint (the "Second Amended Complaint") for additional context. (*See* ECF No. 38.)

or permits or approval from the Borough of Atlantic Highlands (the "Borough") to operate the Paine House in this manner. (*See* Johnson's Undisputed Facts ¶ 7.)

As a result of the commercial use of the Paine House, Johnson and several other neighbors complained about the noise to various Borough officials, including the Borough Administrator, Borough Code Enforcement Officer, and the Atlantic Highlands Police Department (collectively, "Borough Defendants"). (Sullivan's Supp. Facts ¶¶ 26, 35.) Around the same time, a lawyer for the Borough warned Sullivan that the use of his property for short-term rentals or events was illegal. (*Id.* ¶ 8.) The police department issued more than fifteen summonses and citations to Sullivan for the September 2016 events (*id.* ¶¶ 30, 37, 42), and the next month, the Borough sought a temporary injunction from the Superior Court of New Jersey, Monmouth County, to stop the Paine House's short-term rental operation (*id.* ¶ 44; Johnson's Undisputed Facts ¶ 13).

The injunction suit was resolved expeditiously, and within weeks the state court granted the Borough's request for a temporary restraint against Sullivan, prohibiting "utilizing or holding out the premises as *anything* other than a single-family private house." (Nov. 9, 2016 Order 2, ECF No. 79-15 (emphasis added); *see also* Johnson's Undisputed Facts ¶ 15.) The state court determined that the Paine House was in a residential zoning neighborhood that limited properties to single-family residential use absent express Planning Board approval. (Tr. of Hon. Patricia Cleary Decision 10, ECF No. 79-16; Sullivan Supp. Facts ¶ 3.) Because Sullivan failed to obtain the necessary approval before renting the Paine House (Sullivan's Supp. Facts ¶¶ 15-17), the state court held that Sullivan's use of the property as a short-term rental was "illegal" (Nov. 9, 2016 Order 1-2). The temporary restraint became final in January 2017 when a second judicial order issued permanent restraints regarding Sullivan's use of the Paine House. (Jan. 30, 2017 Order 1-2, ECF No. 79-18.) Specifically, the state court permanently enjoined Sullivan from using the

3

Paine House as anything other than a single-family private residence unless and until (1) the Company obtained approval from the Planning Board or (2) the state court's order was later modified or set aside. (Nov. 9, 2016 Order 3.) Neither Sullivan nor the Company appealed those orders.[4] (Johnson's Undisputed Facts ¶ 18.) Eight months later, the Paine House was foreclosed on after the Company failed to pay its mortgage. (Sullivan's Supp. Facts ¶¶ 51-52.) The property was sold at a sheriff's sale in October 2017. (*Id.*) During the sale, Point Lookout Partners, LLC, creditors of the property, asked the Borough to remove "potential impediment[s] to the sale" by moving to vacate the state court orders. (Borough Counsel Correspondence, Dec. 13, 2017; *see also* Sullivan's Supp. Facts ¶¶ 51-52; Dec. 20, 2017 Order, Ex. GG, ECF No. 85-2.) The Borough did so, and the state court vacated its prior orders without prejudice. (*See* Dec. 20, 2017 Order.)

Two years later, Sullivan filed this action. (*See generally* Compl., ECF No. 1.) He brings claims against Johnson for tortious interference with prospective economic relationship. (SAC ¶¶ 118-25.) Sullivan claims Johnson harassed the Borough Defendants until they retaliated against Sullivan and sued to enjoin the Paine House from operating as a business. (Sullivan's Opp'n Br. 7-14.) Before discovery, Johnson moved before the Honorable Tonianne J. Bongiovanni, U.S.M.J., for leave to file for summary judgment, arguing that, as a matter of law, Sullivan cannot meet all the requisite elements to prove tortious interference. (*See generally* Johnson's Moving Br.; SAC ¶¶ 118-25.) Judge Bongiovanni granted Johnson leave to move for summary judgment on limited grounds and indefinitely adjourned discovery. (ECF No. 75; Letter Order, ECF No. 77.) Johnson then moved for summary judgment (ECF No. 79), and Sullivan opposed, submitting a Rule 56(d)

---

[4] The record reflects that Sullivan filed a "notice of appeal . . . but that was not pursued and [was] dismissed" for lack of prosecution. (Johnson's Reply Ex. 3 ("Borough Counsel Correspondence, Dec. 13, 2017"), ECF No. 89-3; June 26, 2017 Superior Court of New Jersey, Appellate Division Order, ECF No. 89-4.)

declaration that outlined the purported need for discovery to resolve the motion (Sullivan's Decl., ECF No. 85-1). The Court first addresses the Rule 56(d) declaration and then turns to Johnson's motion for summary judgment on the tortious interference claim.

## II.   LEGAL STANDARD

### A.   Rule 56(d) Declaration for Discovery Continuance

Typically, district courts should address motions for a discovery continuance under Rule 56 before deciding on any summary judgment motions. *See St. Surin v. V.I. Daily News, Inc.*, 21 F.3d 1309, 1311 (3d Cir. 1994). This is because summary judgment typically presupposes the existence of an adequate record. *See* Fed. R. Civ. P. 56(c) (instructing that summary judgment be decided on the basis of the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (explaining that the non-moving party's burden for a summary judgment motion rests on the assumption that the party "had a full opportunity to conduct discovery"). Consequently, courts will usually "give a party opposing summary judgment an adequate opportunity to obtain discovery." *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988) (citation omitted). Rule 56(d), the procedural mechanism to request discovery in opposing summary judgment, provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). But, if "the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law," or "if the Rule 56(d) declaration is inadequate," courts are justified in granting summary judgment. *See Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) (citation omitted).

Further, a party may move for summary judgment at any time and "[t]he fact that discovery is not complete—indeed, has not begun—need not defeat the [summary judgment] motion." *Am. Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 729 (7th Cir. 1986); *Dreyer v. Yelverton*, 291 F. App'x 571, 579 (5th Cir. 2008) ("[D]iscovery is not mandatory before a Rule 56 summary judgment may be granted."). "The more . . . the question presented is purely one of law, and the less that additional facts will aid the court in its inquiry, the more likely the issue is to be ripe." *Artway v. Att'y Gen. of State of N.J.*, 81 F.3d 1235, 1249 (3d Cir. 1996).

### B. Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if there is sufficient evidentiary support such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. A fact is material if it could "affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citation omitted). Disputes over irrelevant or unnecessary facts will not preclude a court from granting summary judgment. The party moving for summary judgment has the initial burden of proving an absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the nonmoving party bears the burden of proof at trial, the movant may discharge its burden by pointing to an absence of evidence necessary to support the nonmovant's claim. *Id.* at 325. Alternatively, a moving party may submit affirmative evidence that negates a material element of the nonmoving party's claim. *See id.* at 325-31. If the movant brings such affirmative evidence or makes a showing that the nonmovant lacks evidence essential to its claim, the burden shifts to the nonmoving party to set forth "specific facts showing that there is a genuine [dispute] for trial." Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. The burden of persuasion, however, rests

ultimately on the nonmoving party to establish each element necessary to succeed on the claims on which it bears the burden of proof at trial. *Celotex*, 477 U.S. at 322. On a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine [dispute] for trial." *Anderson*, 477 U.S. at 249. Absent a genuine dispute for trial, summary judgment as a matter of law is proper. *Id.*

## III.   <u>DISCUSSION</u>

Johnson moves for summary judgment on the limited grounds that the two state court orders issued in November 2016 and January 2017 preclude Sullivan from meeting all requisite elements of his tort claim. (Johnson's Moving Br. 4-6 (citing Nov. 9, 2016 Order and Jan. 30, 2017 Order).) Before getting there, however, the Court first addresses whether discovery is necessary.

### A.   **Sullivan's Rule 56(d) Declaration Fails to Proffer Relevant Discovery**

In first addressing Sullivan's Rule 56(d) declaration requesting discovery, the Court examines "(1) what particular information is sought; (2) how, if uncovered, it would preclude summary judgment; and (3) why it has not previously been obtained." *Duran v. Warner*, No. 07-5994, 2013 WL 4483518, at *5 (D.N.J. Aug. 20, 2013) (citing *Pa., Dept. of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012)). Sullivan must demonstrate that the evidence he seeks could support his opposition to summary judgment. *Id.* If he fails to do so, the Court then addresses Johnson's motion for summary judgment. Sullivan contends that certain discovery is central to his opposition. The question the Court must answer is therefore straightforward: could any potential discovery assist Sullivan on this motion? If the answer is no, his request for discovery should be denied.

Indeed, the answer is no. Sullivan's only claim against Johnson is for tortious interference, alleging that Johnson interfered with Sullivan's right to "generate revenues" from "leasing out the [Paine House] on a short-term basis." (SAC ¶¶ 119, 123-24.) That claim requires (1) a protectable

7

right, meaning a prospective economic or contractual relationship; (2) the interference was done "intentionally and with malice," defined as without justification or excuse; (3) the interference caused the loss of prospective gain; and (4) damages. *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 749-51 (1989). Critical here, to satisfy the first element Sullivan must show some reasonable expectation of economic advantage. *Id.* (quoting *Harris v. Perl*, 41 N.J. 455, 462 (1964)). So, Sullivan's Rule 56(d) declaration should identify something in discovery that could beat back Johnson's summary judgment motion—particularly that he had a "reasonable expectation of economic gain" from his operation of the Paine House. *Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH*, No. 10-453, 2010 WL 5239238, at *5 (D.N.J. Dec. 16, 2010) (citation omitted).

Sullivan fails to meet that challenge. Principally, none of Sullivan's requested discovery addresses the state court orders establishing that Sullivan could not legally use the property for economic gain.[5] *See JEM Mktg., LLC v. Cellular Telecomms. Indus. Ass'n*, 705 A.2d 798, 799 (N.J. Super. Ct. App. Div. 1998) ("[B]ecause plaintiff operated an illegal enterprise, it did not have a legitimate business interest subject to protection under New Jersey's tort laws."). Notably, Sullivan fails to address the core of Johnson's motion—discovery that could contest the binding nature of the state court orders. (Johnson's Moving Br. 4-6.) No number of depositions or document discovery could retroactively change the outcome. Since Sullivan fails this threshold challenge, discovery tending to prove other elements of tortious interference is irrelevant. Accordingly, the Court denies Sullivan's Rule 56(d) discovery request.

---

[5] Sullivan contends that he needs the following discovery to adequately oppose Johnson's summary judgment motion: (1) depositions of Johnson and the Borough Defendants regarding their communications about the Paine House, (Sullivan's Decl. ¶ 40(a),(b)); (2) documentary evidence, including Johnson and others' communications, as well as documents of nearby short-term rentals in the community, (*id.* ¶ 40(c)); and expert reports on damages, (*id.* ¶ 40(d)).

**B.     The Court Grants Johnson's Motion for Summary Judgment**

The Court turns next to Johnson's motion for summary judgment. On consideration and review of the state court orders, the Court grants the motion. (*See* Nov. 9, 2016 Order; Jan. 30, 2017 Order.) That's so because the state court's preclusionary orders restricted the Paine House to only single-family private residential use, meaning there could be no reasonable expectation of economic gain. To be sure, the finality of the state court order in January 2017 foreclosed legal revenue from the Paine House. *JEM Mktg., LLC*, 705 A.2d at 799. Therefore, Sullivan's "state law claim[] for tortious interference [was] not cognizable because . . . the [Borough] was within its rights to enforce its municipal" laws and stop illegal use of Sullivan's property. *MARJAC, LLC v. Trenk*, 380 F. App'x 142, 148 (3d Cir. 2010). Because Sullivan cannot demonstrate a reasonable expectation of economic gain, summary judgment is appropriate.[6] *See Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 195-96 (3d Cir. 1992) (concluding that failure to meet one element of tortious interference defeats claim as a matter of law).

Sullivan counters with three arguments that the Court finds unpersuasive. First, Sullivan argues that the "instant motion is highly premature" because he first "must be given the opportunity to conduct reasonable discovery regarding Johnson's efforts to interfere with his business." (Sullivan's Decl. ¶¶ 49-50.) For one, nothing in Rule 56 precludes summary judgment before discovery. *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006) ("[T]he mere fact that the district court granted [defendant's] summary judgment motion prior to allowing any discovery is irrelevant."). As to Sullivan's argument about the opportunity

---

[6] Although Sullivan disputes that the state court orders precluded him from using the Paine House as a bed and breakfast, a plain reading of the order itself undermines this argument. (*See* Sullivan Opp'n Br. 18-19.) The order precludes "[u]tilizing or holding out the premises as *anything other than a single family private house for residence* by a family or the functional equivalent," including "hosting and/or holding out the premises . . . as a hotel, *bed-and-breakfast*, or available for short term rent/occupancy for a fee or rental charge." (Nov. 9, 2016 Order 2 (emphases added).)

to conduct discovery, the Court already addressed why it would be futile above. What's more, because Johnson's grounds for dismissal of the suit requires consideration of materials outside of the pleadings, summary judgment is the appropriate vehicle to address it. *Greer v. Smith*, 59 F. App'x 491, 492 (3d Cir. 2003) (district courts that consider materials outside of pleadings "should . . . convert[] the motion for dismissal to a summary judgment motion"). Second, Sullivan argues that the state court erred in finding the Paine House business illegal because it failed to "identi[fy] the statute, rule, ordinance, or other law that prohibited such short-term rentals." (Sullivan's Opp'n Br. 19.) This argument is a nonstarter. Sullivan did not appeal the state court orders and cannot now ask this Court to disturb that ruling. *See McKee v. Pittsburgh Nat. Bank*, 627 F. App'x 88, 91 (3d Cir. 2015) ("The *Rooker-Feldman* doctrine bars a federal court from exercising jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." (citation omitted)). Third, Sullivan highlights that the state court orders were eventually vacated and, therefore, the "illegal" nature of the business "is nullified." (Sullivan's Opp'n Br. 18.) The Court is not convinced. The record leaves little doubt that only *after* Sullivan lost the property in foreclosure did the Borough voluntarily move to vacate the state court orders to remove "a cloud on the [property's] title." (Borough Counsel Correspondence 2, Dec. 13, 2017.) The subsequent lifting of the restrictions bears no impact on Sullivan's residential-use-only condition on the Paine House during his tenure.

In sum, the Court finds Sullivan cannot prove he had a reasonable economic expectation or articulate any discovery that could demonstrate otherwise.

## IV.   <u>CONCLUSION</u>

For the reasons discussed above, the Court dismisses Sullivan's Rule 56(d) motion for discovery continuance and grants Johnson's Motion for Summary Judgment. The Court will issue an Order consistent with this Memorandum Opinion.


MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE